UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AS YOU SOW,
   11461 San Pablo Avenue
   Suite 400
   El Cerrito, CA 94530,

     Plaintiff,

   v.

CHUBB LIMITED,
   Bärengasse 32
   8001 Zurich
   Switzerland,

     Defendant.

Civil Action No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff As You Sow is a nonprofit organization that holds shares in Defendant Chubb Limited (Chubb), a publicly traded insurance company that registers its securities with the Securities and Exchange Commission (SEC). Like other publicly traded companies, Chubb holds an annual meeting at which its shareholders convene to consider and vote on proposals regarding matters that affect the company's business and financial strategy, organization, or future direction.

2. To ensure that these proposals are voted on by enough shareholders to establish a quorum, Chubb regularly asks its shareholders to authorize a proxy to vote on the shareholder's behalf, in accordance with the shareholder's instructions, if the shareholder is unable to attend the meeting. In connection with its solicitation of proxies, Chubb disseminates a "proxy statement" that describes the proposals that will be subject to a vote at the upcoming meeting, along with a "proxy card" that enables shareholders to instruct their proxies how to vote on each proposal.

3. Section 14 of the Securities Exchange Act of 1934 makes it unlawful for a company to deviate from SEC rules when soliciting proxy votes from the holders of SEC-registered securities. *See* 15 U.S.C. § 78n(a)(1). One of these SEC rules, Rule 14a-8, generally mandates that the company include in its proxy statement any proposal properly submitted by an eligible shareholder, unless the proposal falls within an enumerated exception. *See* 17 C.F.R. § 240.14a-8.

4. On November 26, 2025, As You Sow properly submitted a shareholder proposal to Chubb for inclusion in the proxy materials for Chubb's 2026 shareholder meeting. The proposal asks that Chubb commission a report assessing whether it would benefit Chubb and its insureds for Chubb to pursue compensation from responsible third parties to offset the cost of insuring against losses stemming from climate change.

5. On January 13, 2026, Chubb gave notice to the SEC that it intends to exclude As You Sow's proposal from its proxy materials for the 2026 shareholder meeting.

6. As You Sow now brings this action to seek a declaration that the exclusion of its proposal violates Section 14 of the Securities Exchange Act of 1934 and SEC Rule 14a-8, as well as an injunction requiring Chubb to include the proposal in its 2026 proxy materials.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 15 U.S.C. § 78aa(a) and 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 15 U.S.C. § 78aa(a) and 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff As You Sow is a 501(c)(3) nonprofit shareholder representative based in El Cerrito, California. As a shareholder, it engages companies on its own behalf, and represents other shareholders, on a range of issues that increase material risk to a company's long-term

viability and that may impact a company's value. As You Sow also submits shareholder proposals on behalf of itself and other shareholders under Rule 14a-8 as a means of raising issues of concern to the attention of shareholders and company management.

10. Defendant Chubb Limited is a publicly traded insurance company that is incorporated in Switzerland, with its principal place of business in Zurich, Switzerland. Chubb's securities are traded on the New York Stock Exchange and are subject to registration with the SEC under 15 U.S.C. § 78*l* and regulations issued thereunder.

## FACTS

11. Section 14 of the Securities Exchange Act of 1934 requires a company to comply with SEC rules when disseminating proxy materials to holders of SEC-registered securities. *See* 15 U.S.C. § 78n(a)(1).

12. The SEC's Rule 14a-8 generally requires a company to include in its proxy materials any proposal properly submitted by an eligible shareholder, unless an enumerated exception applies.

13. A shareholder is eligible to submit a proposal if it has "continuously held … [a]t least $2,000 in market value of the company's securities entitled to vote on the proposal for at least three years." 17 C.F.R. § 240.14a-8(b)(i)(A).

14. If it wishes to submit a proposal, the shareholder must notify the company that it intends to continue to hold the requisite amount of securities through the date of the shareholder meeting at which the proposal will be put to a vote. *See id.* § 240.14a-8(b)(ii).

15. The shareholder must also provide the company with a written statement that the shareholder is able to meet with the company between ten and thirty days after submission of the

proposal and must supply contact information and proposed meeting times for that purpose. *See id.* § 240.14a-8(b)(iii).

16. If a company wishes to exclude a shareholder's proposal on the basis that the shareholder has failed to follow Rule 14a-8's procedural requirements, it may do so only after notifying the shareholder of the procedural problem and giving the shareholder an opportunity to correct the deficiency. *See id.* § 240.14a-8(f)(1).

17. Rule 14a-8 contains exceptions that permit a company to exclude a properly submitted shareholder proposal under certain circumstances. *See id.* § 240.14a-8(i). One such exception permits a company to exclude a proposal that "deals with a matter relating to the company's ordinary business operations." *Id.* § 240.14a-8(i)(7).

18. Plaintiff As You Sow has owned twenty-five shares of Defendant Chubb continuously since December 7, 2020. Because the market value of these shares has continuously exceeded $2,000, As You Sow is eligible to submit shareholder proposals for inclusion in Chubb's proxy materials.

19. As a shareholder, As You Sow is concerned that a nationwide insurance affordability crisis poses a growing risk to Chubb's business model. As climate-related catastrophes increase in magnitude and frequency, many geographic regions are becoming more expensive to insure, causing Chubb to dramatically raise insurance prices in those areas or to end coverage entirely. As a consequence, many homeowners in areas that Chubb continues to cover are underinsuring, going without coverage, or turning to smaller, less reliable insurers.

20. By letter dated November 26, 2025, As You Sow submitted a shareholder proposal to Joseph Wayland, Corporate Secretary of Chubb Limited, for inclusion in the proxy materials for Chubb's 2026 shareholder meeting. The proposal seeks to have Chubb commission a report, at

reasonable expense and omitting propriety information, on whether Chubb can offset its climate-related losses by seeking contributions from responsible third parties through subrogation. The letter communicated As You Sow's intent to continue holding its shares in Chubb through the date of the 2026 shareholder meeting, contained contact information for As You Sow, and proposed meeting times between ten and thirty days after the submission of the proposal. A true and correct copy of the letter, along with the proposal, is attached as Exhibit 1.

21. On January 13, 2026, Chubb submitted a letter to the SEC's Division of Corporation Finance indicating Chubb's intent to exclude As You Sow's proposal from its proxy materials. As a basis for the exclusion, Chubb invoked SEC Rule 14a-8(i)(7), which permits a company to exclude shareholder proposals that "deal[] with a matter relating to the company's ordinary business operations." A true and correct copy of the letter is attached as Exhibit 2.

22. Chubb has at no point contended that As You Sow's proposal failed to comply with any applicable procedural requirement or that As You Sow is ineligible to submit a proposal.

23. On January 15, 2026, As You Sow emailed SEC staff to request two weeks to provide a written response as to why Rule 14a-8(i)(7) does not support the exclusion of the shareholder proposal. The email asked the SEC to refrain from issuing a response to Chubb's letter until after the submission of As You Sow's response. A true and correct copy of As You Sow's email is attached as Exhibit 3.

24. Although requests for an opportunity to respond are customary, the SEC recently adopted a policy of declining to opine on whether a company has properly invoked a Rule 14a-8 exception and so did not wait for As You Sow's substantive response before responding. Instead, on January 15, 2026, the SEC issued a "no-objection" letter, stating that, "[b]ased solely on [Chubb's] representation" that "it has a reasonable basis to exclude [As You Sow's] Proposal,"

the SEC would "not object if [Chubb] excludes the Proposal from its proxy materials." A true and correct copy of the SEC's letter is attached as Exhibit 4.

25. Under SEC Rule 14a-8(j), a company may finalize its proxy materials eighty days after informing the SEC of the intent to exclude a shareholder proposal. On information and belief, Chubb intends to make its finalized proxy materials available, with As You Sow's proposal excluded, when this eighty-day window elapses on April 3, 2026, or shortly thereafter.

## CAUSE OF ACTION
### (Violation of Section 14 of the Securities Exchange Act of 1934 and SEC Rule 14a-8)

26. As You Sow is eligible to submit a Rule 14a-8 proposal and, in submitting its November 26, 2025, proposal, complied with all applicable procedural requirements.

27. As You Sow's proposal does not fall under the Rule 14a-8 exception for matters relating to ordinary business operations or any other exception.

28. Chubb's imminent exclusion of As You Sow's proposal from its 2026 proxy materials violates Section 14 of the Securities Exchange Act and SEC Rule 14a-8.

29. As You Sow is entitled to declaratory and injunctive relief to remedy Chubb's violation of law.

## PRAYER FOR RELIEF

WHEREFORE, As You Sow prays that this Court:

a. Declare that Chubb's exclusion of As You Sow's November 26, 2025, shareholder proposal violates Section 14 of the Securities Exchange Act of 1934 and SEC Rule 14a-8;

b. Preliminarily and permanently enjoin Chubb from excluding As You Sow's November 26, 2025, shareholder proposal from the proxy materials that Chubb disseminates in advance of its 2026 annual shareholder meeting;

c. Award As You Sow its costs and attorneys' fees for this action; and

    d.  Grant any other relief as this Court deems appropriate.

Dated: March 3, 2026

Respectfully submitted,

/s/ Nicolas Sansone
Nicolas Sansone (DC Bar No. 1686810)
Nandan Joshi (DC Bar No. 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiff*