UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AS YOU SOW, | ) |
|   Plaintiff, | ) |
|   v. | ) Civil Action No. 1:26-cv-00734 (SLS) |
| CHUBB LIMITED, | ) |
|   Defendant. | ) |

**JOINT STATUS REPORT**

On March 13, 2026, the Court ordered the parties to meet and confer in an attempt to resolve the dispute regarding service of process and to file a joint status report by March 16, 2026, at 5:00 PM if they were unable to reach a resolution. The Court further ordered Defendant Chubb Limited (Chubb Ltd.) to inform the Court when it expects to finalize its materials for the annual shareholder meeting and ordered the parties to specify the details of their immovable conflicts on March 30, March 31, April 2, and April 3, 2026. The parties file this joint status report pursuant to the Court's order.

**1. Service of Process**: The parties met and conferred on the issue of service of process but were unable to reach a resolution. The parties' respective positions are set forth below.

*Plaintiff's Position*: In Securities and Exchange Commission (SEC) filings, Chubb Ltd. identifies Chubb Group Holdings Inc. as its domestic agent for service of process in cases related to Chubb Ltd.'s domestically traded securities. For example, Chubb Ltd.'s October 3, 2024, registration statement lists Chubb Group Holdings Inc. as Chubb Ltd.'s "agent for service" and lists the address for service as:

1

>Chubb Group Holdings Inc.
>550 Madison Avenue
>New York, New York 10022
>Attn: Deputy General Counsel—Global Corporate Affairs

Chubb Ltd., Form S-3 Registration Statement at 1 (Oct. 3, 2024).[1] *See also, e.g.*, Chubb Ltd., Prospectus Supplement (Aug. 4, 2025) (stating that "investors may serve Chubb with process in the United States with respect to actions against it arising out of or in connection with violations of U.S. Federal securities laws relating to offers and sales of the securities covered by this prospectus by serving Chubb Group Holdings Inc., its United States agent irrevocably appointed for that purpose").[2]

Under Federal Rule of Civil Procedure 4(h)(1)(A), service on a foreign corporation may be effected in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, provides that service within a judicial district of the United States may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." And Rule 4(c)(4) of the D.C. Superior Court provides that a foreign corporation may be served by certified mail.

In compliance with these rules, and as reflected in the proof of service that Plaintiff As You Sow filed with this Court on March 10, 2026, *see* ECF 10, As You Sow on March 4, 2026, sent the summons and complaint in this case by certified mail to Chubb Group Holdings Inc. in its capacity as Chubb Ltd.'s domestic agent for service of process at the address that Chubb Ltd. provided on its SEC registration statement. The U.S. Postal Service tracking page attached to As You Sow's proof of service reflects that the service package was delivered at 3:14 PM on March 9, 2026.

---

[1] https://www.sec.gov/Archives/edgar/data/896159/000110465924105722/tm2424896-1_s3asr.htm.

[2] https://www.sec.gov/Archives/edgar/data/896159/000110465925074263/tm2521669-2_424b2.htm.

Chubb references an email exchange between As You Sow's counsel and In-House Legal Counsel for Chubb on the morning of March 3. In reliance on In-House Legal Counsel's representation that the Hague Convention was the exclusive method of effecting service of process on Chubb Ltd., counsel for As You Sow acknowledged her position and stated that As You Sow would plan to effect service accordingly. Shortly thereafter, however, counsel for As You Sow discovered the SEC filings that list Chubb Group Holdings Inc. as Chubb Ltd.'s registered agent in the United States. Counsel for As You Sow then promptly effected service on Chubb Group Holdings Inc. by certified mail. After mailing the service package, but prior to the package's delivery, counsel for As You Sow emailed Chubb's Deputy General Counsel for Global Corporate Affairs as a courtesy to inform her that service was being effected by certified mail to the registered agent listed in Chubb Ltd.'s SEC filings.

*Defendant's Position*: Plaintiff has not effectuated service on Chubb Limited and, thus, this Court lacks personal jurisdiction. *See Saleh v. Al Nahyan,* 2021 WL 7210780, at *3 (D.D.C. July 16, 2021) ("Federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of service of process are satisfied."). There is no dispute that Chubb Limited is located in Zurich, Switzerland. Plaintiff is well aware of this fact because for the past five years it has submitted shareholder proposals to Chubb Limited in Zurich and has engaged substantively with it as part of that process.

Plaintiff cites Federal Rules of Civil Procedure Rules ("Rules") 4(e) and 4(h), and D.C. Superior Court Rule 4(c)(4)—but ignores Rule 4(f), which governs here. Rule 4(e) applies only to serving an individual "within a judicial district of the United States" and says nothing about service on a foreign individual in a foreign country. Rule 4(h) provides that a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by

3

Rule 4(f)" except personal delivery. Plaintiff's citation to D.C. Superior Court Rule 4(c)(4) does not move the needle because it governs only the nature of the documents to be mailed and process for that mailing where service by mail is otherwise permissible—and here it is not.

When a defendant is a foreign corporation, Rule 4(h)(2) requires that service proceed in the same manner prescribed by Rule 4(f) for serving individuals outside the United States. Rule 4(f) provides that such service may be made by means that include international agreements—explicitly including the Hague Convention.[3] Switzerland is a signatory to the Hague Convention, an international treaty designed to "provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* at 699 (quoting 20 U.S.T. 361,362); *see also Watch Tower Bible & Tract Soc'y of Pa. v. Russian Fed'n*, 804 F. Supp. 3d 153, 160 (D.D.C. 2025) ("Compliance with the [Hague] Convention is *mandatory* in all cases to which it applies[.]") (emphasis added). Here, Rule 4(f) and the Hague Convention apply and govern service on Chubb Limited because "the company is organized under the laws of Switzerland with a principal place of business in Zurich, Switzerland." *GR OPCO, LLC v. Chubb Ltd.*, 2021 WL 7500321, at *1 (S.D. Fla. Jan. 27, 2021) (rejecting attempt to serve Chubb Limited via means other than Hague Convention process).

---

[3] The D.C. Superior Court Rules, just like the Federal Rules of Civil Procedure, give effect to the Hague Convention when serving a defendant in a foreign country. *See* D.C. Super. Ct. Rule 4(f)(1) (service may be effectuated "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents").

4

Switzerland has outlined its requirements for proper service of process on its citizens, including Swiss corporations like Chubb Limited. *See id*. ("The Hague Convention applies to Chubb in this case because the company is organized under the laws of Switzerland with a principal place of business in Zurich, Switzerland."); *Gentry v. Chubb*, 2022 WL 1082453, at *5 (D.N.J. Apr. 11, 2022) (service insufficient when Chubb Limited was not served through the Hague Convention). A party attempting service must translate the underlying documents (e.g., the summons and complaint) into the proper language, based on the Swiss Canton in which the defendant is located. Using a designated request form, the appropriate authority in the requesting state must then transmit the translated documents to the Swiss-designated "[c]entral [a]uthority." 20 U.S.T. 361 (Art. 3). The central authority, in turn, uses methods provided by Swiss law for service of the documents upon the defendant. 20 U.S.T. 361 (Art. 5).[4]

Plaintiff bears the burden to show that service was authorized—and it cannot do so here. *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 88 (D.D.C. 2004) (service insufficient where plaintiff's allegations provided no basis for an inference that recipient of summons was defendant's agent for service). Here, Plaintiff has not even attempted to comply with the Hague Convention's service requirements. Rather, Plaintiff seeks to sidestep those requirements by mailing the Summons and Complaint to Chubb Group Holdings Inc. ("Chubb Holdings US"), at 550 Madison Avenue, New York, NY 10022. Plaintiff relies on language from Chubb Limited's SEC filings

---

[4] *See* Switzerland's Central Authority (Article 2) and practical information pursuant to the Hague Convention, retrieved from the Hague Conference on Private International Law on March 15, 2026 (available at https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=276); *see also* Service Process, available at https://ch.usembassy.gov/service-process/ ("In their accession to the treaty, the Swiss noted that service by mail directly to the parties involved is not permitted.").

5

authorizing service in the United States for a certain limited purposes. But that authorization is not applicable here.

Contrary to Plaintiff's position, Chubb Limited's narrow authorization for shareholders to serve Chubb Holdings US, which appears in certain of Chubb Limited's SEC filings, has nothing to do with Plaintiff's claim here. For example, the October 3, 2024 Form S-3 Registration Statement provides that Chubb Limited may be served through Chubb Holdings US only for claims "arising out of or in connection with violations of U.S. Federal securities laws *relating to offers and sales of the securities covered by this prospectus*." Oct. 3, 2024 S-3 at 45 (emphasis added). Authorization to serve through Chubb Holdings US is thus tailored to actions alleging violations of securities laws "relating to offers and sales" of the securities covered by that particular offering document (*i.e.*, Securities Act claims). Chubb Limited's other narrow authorizations regarding service use the same limiting language. *See, e.g.*, Chubb Ltd., Prospectus Supplement (Aug. 4, 2025). Yet Plaintiff's claim is not about the offers and sales of securities in a particular offering, let alone the offering covered by the October 2024 Form S-3. Instead, Plaintiff's suit relates exclusively to corporate governance matters, seeking to compel inclusion of a proposal in Chubb Limited's proxy materials. Therefore, Plaintiff's attempt to stretch the limited authorization for claims arising from offers and sales of securities to evade service through the Hague Convention fails.

Equally unavailing would be any attempt by Plaintiff to ignore the Hague Convention based on the purported exigency of this claim, as courts have recognized. *See Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 172 (2d Cir. 2025) (rejecting plaintiff's attempt in preliminary injunction context to "smuggl[e] an all-encompassing emergency exception into Rule 4(f)(3), which would allow the Rule to function, in 'exigent circumstances,' as an

6

'alternative to compliance with the Hague [Service Convention]'") (internal citations omitted). And, in any event, any urgency relating to Plaintiff's claim is self-created. Plaintiff learned all relevant facts giving rise to this lawsuit on January 13, 2026, when Chubb Limited informed Plaintiff and the SEC of its position on Plaintiff's proposal. On January 15, 2026, the SEC informed the parties that the SEC "will not object if the Company excludes [Plaintiff's] Proposal from its proxy materials." Plaintiff could have filed its lawsuit the next day. Yet Plaintiff waited nearly two months to file its complaint, on March 3, 2026.

Plaintiff itself even recognized that Hague Convention service would be necessary, before pivoting to try its end-around gambit. On March 3, Plaintiff emailed its Summons and Complaint to Margriet Schaberg (Chubb In-House Legal Counsel), who responded immediately that Hague Convention service would be required on Chubb Limited. In response, Plaintiff represented that it "plan[ned] to effect service pursuant to the Hague Convention." But rather than take any steps to comply, Plaintiff then mailed its complaint to Chubb Holdings US and waited a week longer to file its motion for a preliminary injunction. Plaintiff's own delay and any manufactured sense of urgency relating to its claims do not permit Plaintiff to circumvent the Hague Convention's clear requirements for service—particularly where Plaintiff has never even attempted to comply. *GR OPCO, LLC*, 2021 WL 7500321, at *5 (declining to excuse non-compliance with Hague Convention service rules where Plaintiffs had not even "attempted to serve Chubb through the Hague Convention"). Under these circumstances, there is no basis to assert jurisdiction over Chubb Limited, and dismissal is warranted. *See, e.g.*, *Wang v. Li*, 2022 WL 18787862, at *3 (D.D.C. Nov. 18, 2022), *report and recommendation adopted*, 2022 WL 18787822 (D.D.C. Dec. 5, 2022) (service deficient where plaintiff failed to follow proper protocols of the Hague Convention);

*Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (recognizing that the district court had the authority to dismiss certain claims without prejudice due to insufficiency of service of process).

**2. Date for Finalization of Chubb Ltd.'s Proxy Materials:** The Annual General Meeting will take place on May 21, 2026 in Zurich, Switzerland. Currently, Chubb Limited is planning to mail the annual meeting materials using the SEC notice and access rule on April 7 at a cost of approximately $215,000. To meet that April 7 deadline and avoid rush fees, the proxy materials must be finalized on April 2, so printing may begin on April 3. Chubb Limited's preference is to maintain this current schedule.

Three options exist to push the finalization date to after April 2, all at increasing harm to Chubb, described here in order of Chubb Limited's preference if the current schedule cannot be maintained. First, the finalization date could be pushed back to no later than April 6, with mailing on April 10. This slightly later timeline requires diverted employee time, and attendant distraction from other business tasks, for Chubb to rush through revisions to the proxy statement, and also rush printing fees of approximately $11,500 from Chubb's printing vendor. This approach would eliminate any cushion in timing needed if there were any unexpected delay (such as a printing problem).

Second, Chubb Limited could leave the meeting materials printing and mailing schedule intact and effect any change ordered by the court to the proxy materials with a supplement to the proxy statement (at an additional cost of approximately $800,000). A supplement would have to be mailed no later than April 30, which would require finalization no later than the morning of April 24.

Third, Chubb could do a full set mailing of all of the meeting materials, again with mailing no later than April 30 and finalization no later than the morning of April 24. If anything caused the

proxy materials, other than what the court permits to be included in a proxy supplement, to be finalized later than April 6 (including an unexpected delay under the path above), this path will be required. Chubb will incur additional lost employee time and approximately $1.055 million in costs, covering additional printing and postage. A full set mailing is required at this date because it will be too late to utilize the notice and access rule, meaning that a full set of the proxy statement, annual report and other annual meeting materials to all shareholders must be mailed.

There are other timing-related elements in play, such as the company's right to include a response to any shareholder proposal, which factor into the timing of the finalization of the proxy, as we will elaborate on in our March 19 filings. Additionally, delays beyond an April 6 finalization of the proxy statement (with an April 10 mailing, which again allows no cushion for the unexpected under the notice and access rule) will have a cascading impact on the voices of other shareholders, which would have less time to review meeting materials, conduct research including review of proxy advisor recommendations (since proxy advisers may not be able to publish those recommendations in a timely manner), and vote before the voting cutoff.

**3. Details of Counsel's Conflicts:** Chubb Limited is represented jointly in this matter by O'Melveny & Myers LLP (Allen Burton) and Simpson Thacher & Bartlett LLP (Jonathan Youngwood), each of whom are responsible for distinct aspects of the representation. Mr. Youngwood is a member of the bar of this Court; Mr. Burton's pro hac vice application will be filed shortly. Mr. Youngwood is scheduled to defend the deposition of a public-company CEO on March 31 in New York City in connection with a federal securities case in which the CEO is a defendant, and to meet with that individual client for preparation on March 30. Fact discovery in that case is scheduled to conclude April 8, having already been extended by request of the parties and order of the court. Given the number of counsel involved in that case and deposition, and the

schedule set for other depositions in the case in the last 2 weeks of discovery, there do not appear to be dates available to re-set the deposition and proper preparation of the witness. Mr. Burton is scheduled to participate in long-scheduled meetings with senior executives of a client on March 31.

We respectfully submit that if the Court would prefer argument to take place before April 1, the Court consider setting the hearing for either March 26 or 27, dates we understand Plaintiff's counsel also to be available. If those dates are not convenient for the Court, counsel will, notwithstanding the pre-existing conflict, strive to be available for a hearing on March 30, but respectfully request that in any event the hearing not be held on March 31.

Lead counsel for As You Sow is unavailable to attend a hearing on April 2 or 3, 2026, because he has committed to a speaking engagement for students considering a career in public-interest litigation in Urbana, Illinois, on Friday, April 3, and has booked a flight to Illinois on the morning of April 2 for that purpose. If, however, this Court orders a hearing on Thursday, April 2, counsel will reschedule his flight so that he can attend the hearing.

Dated: March 16, 2026                                     Respectfully submitted,

/s/ Jonathan K. Youngwood                      /s/ Nicolas A. Sansone
Jonathan K. Youngwood                          Nicolas A. Sansone (DC Bar No. 1686810)
Simpson Thacher & Bartlett LLP                 Nandan Joshi (DC Bar No. 456750)
New York, NY 10017-3954                        Public Citizen Litigation Group
Telephone: (212) 455-2000                      1600 20th Street NW
Facsimile: (212) 455-2502                      Washington, DC 20009
Email: jyoungwood@stblaw.com                   (202) 588-1000

*Counsel for Plaintiff*

Allen W. Burton (*pro hac vice* motion forthcoming)
Allessandra Rose Johnson (*pro hac vice* motion forthcoming)
Elizabeth Marley (*pro hac vice* motion forthcoming)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10036
Phone: (212) 326-2000
Fax: (212) 326-2061
Email: aburton@omm.com

*Counsel for Defendant*